IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>DANIEL VIVAS CERON,<br>a/k/a DANIEL VIVAS-CERON,<br><br>        Defendant. | Case Nos. 2:15-cr-55 & 3:18-cr-54-01<br><br>**UNITED STATES' MOTION FOR JOINDER OF DEFENDANTS FOR TRIAL** |
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>STEVEN BARROS PINTO,<br>a/k/a YEABOY,<br><br>        Defendant. | |

      The United States of America, by Christopher C. Myers, United States Attorney for the District of North Dakota, hereby moves pursuant to Rule 13 of the Federal Rules of Criminal Procedure for an order joining defendants Daniel Vivas Ceron and Steven Barros Pinto for the purpose of trial on February 4, 2019. Joinder of these trials would save approximately one month of trial time in a District that is already facing a judicial emergency.

      Currently, defendant Pinto is set for trial on January 15, 2019, before Chief Judge Daniel L. Hovland. Ceron is set for trial on February 4, 2019, before Judge John P. Bailey.

Fed. R. Crim. P. 13 provides that a district court may "order that separate cases be tried together as though brought in a single indictment or information if all offenses and all defendants could have been joined in a single indictment or information." Based on this Rule, the United States moves to join together for trial the remaining defendant, Pinto in 3:18-cr-54 with Vivas Ceron in 2:15-cr-55. A joint trial will save the Court significant time and it will promote the efficient use of judicial resources.

### Overview of the Case

The District of North Dakota initiated a Federal investigation into a fentanyl overdose death case in Grand Forks, North Dakota, in January 2015. To date, there have been thirty (32) defendants charged in this investigation.

The investigation has determined that Vivas Ceron was the leader and organizer of the criminal conspiracy and did so while incarcerated in the Drummond Institution, a medium security prison facility in Quebec, Canada. The investigation has revealed numerous fentanyl-related overdoses tied to the Vivas Ceron organization. These overdoses include deaths in North Dakota, Oregon, New Jersey, North Carolina, and elsewhere.

Ceron was deported from Canada to Columbia via Panama in July of 2015 and was arrested on a provisional arrest warrant in Panama. Ceron challenged extradition and was ordered extradited by a Court in Panama. The evidence developed in the investigation revealed Ceron continued the conspiracy while in prison in Panama and engaged in obstruction of justice after he appeared in the United States in 2017.

The investigation revealed that Ceron's organization was involved in obtaining controlled substances and controlled substance analogues from China and conspiring with drug trafficking organizations in the United States to supply those organizations. One such organization was located in Rhode Island. The evidence shows that Steven Pinto played a leadership role in the Rhode Island organization and was involved from approximately 2015-2017. The overall conspiracy spanned from 2013-2017. Among other responsibilities, Pinto coordinated with co-conspirators who procured controlled substances and controlled substance analogues from Ceron. These controlled substances were shipped by representatives of Ceron's organization in Canada to Pinto's representatives in Rhode Island. Many of the witnesses to be called in the trial overlap including cooperating witnesses from Rhode Island, Florida, and numerous law enforcement witnesses. Ceron and Pinto were identified at different stages of the four-year investigation and were arrested at different times. The United States could have indicted these defendants together and absent the path the investigation followed, would have.

**Law and Argument**

Under Rule 13 of the Federal Rules of Criminal Procedure, the court is authorized to join two indictments. Specifically, Rule 13 states that "[t]he court may order separate cases be tried together as though brought in a single indictment or information if all offenses and all defendants could have been joined in a single indictment...." The plain meaning of this language is that the standard for consolidation is whether the two cases

could have been properly joined in a single indictment under Rule 8 of the Federal Rules of Criminal Procedure.

Rule 8(a) provides the standard for joinder of offenses, and states that "[t]he indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged ... are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Rule 8(b) provides the standard for joinder of defendants, and states that "[t]wo or more defendants may be charged in the same indictment if they allegedly participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." See also United States v. Davis, 534 F.3d 903, 916 (8th Cir. 2008). "Generally, the 'same series of acts or transactions' means acts or transactions that are pursuant to a common plan or a common scheme." United States v. Wadena, 152 F.3d 831, 848 (8th Cir. 1998). The Eighth Circuit has held that the provisions of Rule 8(b) are to be construed liberally in favor of joinder, see United States v. Chard, 115 F.3d 631, 634 (8th Cir. 1997), and "rarely, if ever, will it be improper for co-conspirators to be tried together[.]" United States v. Patterson, 140 F.3d 767, 774 (8th Cir. 1998). The trial court is permitted to exercise discretion in determining whether trial consolidation is appropriate.

Here, the defendants are charged with participating in the same fentanyl distribution conspiracy. Each is alleged to have conspired with others to distribute and possess with intent to distribute more than 400 grams of a mixture and substance containing fentanyl, a Schedule II controlled substance, and more than 100 grams of a

mixture and substance of an analogue of fentanyl as provided in 21 U.S.C. § 841(b)(1)(A)(vi). This amount is attributable to both defendants as a result of their conduct and the conduct of other co-conspirators that was reasonably foreseeable to them. In addition, each defendant is charged with engaging in a Continuing Criminal Enterprise, and would likewise be properly joined, since all the charges are "of the same or similar character, or . . . are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). All of these charges occurred within the scope of, and was in furtherance of, the charged conspiracy; both defendants could have been joined in a common indictment, therefore joinder is proper. See United States v. Sawyers, 963 F.2d 157, 161 (8th Cir. 1992) ("As long as the indictment charges all defendants with involvement in a single conspiracy, joinder of the defendants is appropriate under Federal Rule of Criminal Procedure 8(b).").

Assuming that joinder is proper, a joint trial is preferred. United States v. Flores, 362 F.3d 1030, 1039 (8th Cir. 2004) ("Once defendants are properly joined under Rule 8, there is a strong presumption for their joint trial, 'as it gives the jury the best perspective on all of the evidence and therefore increases the likelihood of a correct outcome.'") (citation omitted).

Despite this preference for joint trials, the Court retains the discretion to order severance if there is "severe or compelling" prejudice to a particular defendant. Flores, 362 F.3d at 1039. In this case, the defendants are unable to meet this high burden of establishing prejudice from a joint trial.

In conclusion, in light of the substantially overlapping evidence involved in both cases, joinder for trial would conserve about a month judicial resources, would not prejudice either defendant, and would resolve pending charges in an efficient and equitable manner.

Dated: November 7, 2018

>*/s/ Christopher C. Myers*
>CHRISTOPHER C. MYERS
>United States Attorney
>Quentin N. Burdick United States Courthouse
>655 First Avenue North - Suite 250
>Fargo, ND  58102-4932
>(701) 297-7400
>ND Bar Board ID No. 05317
>Chris.C.Myers@usdoj.gov
>Attorney for United States