IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

_____

| | |
|---|---|
| United States of America, | Case No. 1:15-CR-00055 |
| Plaintiff, | |
| v. | |
| Daniel Ceron, | |
| Defendant. | |

_____

## MOTION TO SUPPRESS STATEMENT OBTAINED IN VIOLATION OF DEFENDANT'S CONSTITUTIONAL RIGHTS

Defendant Ceron moves the Court to for an Order suppressing from evidence at the trial of this matter the statement he gave to government agents, and he requests an evidentiary hearing at which he will demonstrate that the government agents who questioned him violated hisconstitutional rights in the course of their investigation and interrogation.

### RELEVANT FACTS

Ceron was arrested by HSI and other agents on July 17, 2015 at the Tocumen International Airport, Panama City, Panama, while in transit to Bogota, Columbia from Canada as part of his deportation. He was taken into a meeting room where he was surrounded by several Canadian and Panamanian law

enforcement personnel carrying various weapons, and was asked whether he was willing to submit to post-arrest interview. According to the government, Ceron allegedly "agreed" to speak with HSI agents after reviewing and waiving his Miranda Rights. Ceron maintains, however, that he was coerced, threatened and intimidated into waiving his rights and speaking with agents. He also maintains that much, if not all, of what he supposedly told the HSI were actually statements made by the agents who, in turn, asked him (Ceron) if what they were saying was accurate/correct. Again, however, Ceron maintains and alleges that he was coerced, threatened and intimidated by the HSI and other law enforcement agents in the interview room. Ceron was directly and personally threatened, coerced and intimidated, and interviewing HSI agents threatened to harm Ceron's mother (who at the time he was being interviewed was essentially in HSI custody at the airport in Bogota) and his girlfriend (who was essentially in HSI custody in Canada when Ceron was being interviewed). Lastly, neither the explanation to Ceron of his Miranda Rights and his waiver of those, nor his alleged voluntary statement were recorded, as HSI agents "determined" that "[voice] recording [is] illegal in the country of Panama".[1]

---

[1] For additional, detailed and relevant evidence concerning Ceron's Miranda waiver and alleged voluntary statement, please see ¶¶ 72-153 of Exhibit A (Ceron Sworn Statement) to Doc ID# 60.

## LAW AND ARGUMENT

Alleged waivers of fundamental constitutional rights such as the right to counsel and the privilege against self-incrimination should be upheld only after careful inquiry into factual basis for the alleged waiver.  Johnson v. Zerbst, 304 U.S. 458, 464 (1938), overruled in part on other grounds by Edwards v. Arizona, 451 U.S. 477 (1981).  "Waivers of such constitutional rights must not only be voluntary, but also must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences."  Brady v. United States, 397 U.S. 742, 748 (1970).  The Government bears the heavy burden of demonstrating that the accused had sufficient awareness of the consequences of the waiver, and that these vital constitutional rights were then knowingly and intelligently waived.  Miranda v. Arizona, 384 U.S. 436 (1966).

The question of whether the accused waived a Constitutional right "is not one of form, but rather whether the defendant in fact knowingly and voluntarily waived the rights delineated in the Miranda case."  North Carolina v. Butler, 441 U.S. 369, 373 (1979).  Moreover, it is clear that courts must "indulge in every reasonable presumption against waiver."  Brewer v. Williams, 430 U.S. 387, 404 (1977).

The test to determine whether a knowing and intelligent waiver was made rests on an inquiry into the totality of circumstances surrounding the interrogation.

Miranda, 384 U.S. at 475-77.  The question of waiver must be determined by looking to "the particular facts and circumstances surrounding the case." Zerbst, 304 U.S. at 464.

Whether a confession is voluntary is an issue independent of whether there was "formal compliance with the requirements of Miranda." State v. Chase, 55 Ohio St. 2d 237, 246, 378 N.E.2d 1064, 1070 (1978).  The burden is on the government to demonstrate that, considering the totality of the circumstances, the confession was voluntarily given.  Medina v. California, 505 US 437, 463 (1992). Psychological as well as physical coercion may render a confession involuntary. Townsend v. Sain, 372 U.S. 293, 307 (1963), overruled in part on other grounds by Keeney v. Tamayo-Reyes, 504 U.S. 1 (1992).  The relinquishment of the rights established in Miranda "must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception." Moran v. Burbine, 475 U.S. 412, 421 (1986).  Also, "the waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." Id. at 421.  If a confession has been made involuntarily, any subsequent conviction cannot stand. Stroble v. California, 343 U.S. 181, 190 (1952).

An involuntary confession is inadmissible at trial.  Withrow v. Williams, 507 U.S. 680, 703 (1993).  The admission into evidence of an involuntary

confession deprives the defendant of the Fourteenth Amendment right to due process of law.  <u>Jackson v. Denno</u>, 378 U.S. 368, 376 (1964).

Given the above, Ceron respectfully requests that this Court conduct an evidentiary hearing to determine whether Ceron's waiver of his constitutional rights and statement were obtained in violation of his Constitutional rights and whether his statement should be suppressed as a result.

Respectfully submitted this 3rd day of January, 2019.

FISCHER, RUST, STOCK & RUST, PLLC.

/s/ *Charles A. Stock*

By:_____
Charles A. Stock
ND Attorney ID: 05018
407 North Broadway
P. O. Box 605
Crookston, MN 56716
cstock@crookstonlaw.com
218-281-2400

## **Certificate of Service**

I hereby certify that on the 3rd day of January, 2019, the following document(s):

**MOTION TO CONTINUE AND SPEEDY TRIAL WAIVER**

was/were filed electronically with the Clerk of Court through ECF, and that ECF will send a Notice of Electronic Filing (NEF) to all interested parties.

I further certify that a copy of the foregoing documents and the Notice of Electronic Filing will be mailed first class mail, postage paid, to the following non-ECF participants: N/A.

/s/ Charles A. Stock_____
Charles A. Stock (ID#05018)
Fischer, Rust & Stock, PLLC.
Attorney for Defendant