# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:15-cr-55 |
| ) | |
| vs. ) | **REPORT AND** |
| ) | **RECOMMENDATION** |
| Daniel Vivas Ceron, ) | |
| ) | |
| Defendant. ) | |

At the request of the presiding district judge, the undersigned conducted a change of plea hearing on July 12, 2019. The United States of America was represented by Assistant United States Attorney Christopher C. Myers, Assistant United States Attorney Scott Kerin, and Trial Attorney Kaitlin Sahni of the Criminal Division's Narcotic and Dangerous Drug Section of the Justice Department. Defendant Daniel Vivas Ceron was present, and represented by attorney Charles A. Stock. The court advised Ceron that the undersigned would prepare a written report and recommendation and that the decision on whether guilty pleas were accepted would be made by the presiding district judge. After he was placed under oath, the court advised Ceron that if he gave false answers to the court's questions, his answers might later be used against him in a prosecution for perjury or false statement, or might result in an increase in his sentence in this case.

A plea agreement and plea agreement supplement were filed on July 8, 2019. (Doc. 103; Doc. 104). At the hearing, Ceron confirmed his signature on both documents.

Ceron stated he is thirty-eight years old, and has a tenth grade education. He confirmed that he is able to read, write, and understand the English language. Further,

he testified that he has never been treated for any mental illness or addiction and that he had consumed no alcohol, drugs, or medications within the 24 hours prior to the hearing. He stated he knew of no reason he would be unable to understand the proceedings.

Ceron confirmed he had received the Superseding Indictment and had reviewed it with his attorney. He waived reading of the Superseding Indictment in open court. The court reviewed with Ceron the charges in Counts 1, 4, and 5 of the Superseding Indictment, including the pertinent portions of the statutes under which he is charged in each of those counts and the elements the United States would have to prove at trial as to each of those counts. The court advised Ceron of the minimum and maximum sentences that could be imposed on Counts 1, 4, and 5. The court's explanation of applicable penalties included prison time, supervised release, and monetary penalties as to each of the three charges. As to monetary penalties, the court advised Ceron that he would be required to pay a special assessment on each of the three counts and that he could also be required to pay restitution to any identifiable victim, a fine, and costs of imprisonment, community confinement, or supervised release. Further, the court advised Ceron that a person who is not a citizen of the United States would be subject to deportation at the conclusion of any sentence.

The court informed Ceron that the United States Sentencing Guidelines may play an important role in determining his sentence and that the sentencing guideline range could not be determined until after completion of a presentence investigation. The court further informed Ceron that he and the government would have an opportunity to object to the presentence report, including an opportunity to challenge reported facts and

recommended Guidelines calculations. The court explained, and Ceron confirmed he understood, the Guidelines' concept of "relevant conduct" and that the presiding judge has authority to depart from the Guidelines and to impose a sentence that is longer or shorter than the sentence called for by the Guidelines. Ceron confirmed he had discussed the Guidelines with his counsel and confirmed he understood everything the court had explained about the Guidelines. Further, Ceron confirmed he understood that the presiding judge is not bound by any recommendations or stipulations in the plea agreement and that if the sentence ultimately imposed is more severe than he had expected, he would not have the right to withdraw his guilty pleas.

      The court advised Ceron of his right to persist in a not guilty plea through trial, of his right to trial by a jury of citizens of this district and that the jury's verdict must be unanimous, of his right to be represented by counsel throughout trial, of his right to confront and cross-examine witnesses at trial, of his right to remain silent at trial, of his right to call and subpoena witnesses at trial, and of his right to have the government prove its case beyond a reasonable doubt. Ceron confirmed he understood each of those rights and confirmed he understood he would be giving up each of those rights by entering pleas of guilty. Ceron confirmed he understood the consequences of entering guilty pleas, and his counsel stated he believed Ceron understood those consequences.

      Ceron testified that his decision to enter guilty pleas was not the result of any force or threat and was not made to protect another person. He confirmed that, except for promises included in the written plea agreement, his decision was not the result of any promise made to him. He confirmed no one had predicted the exact sentence that might ultimately be ordered. He testified his counsel had represented him adequately.

The United States proffered a factual basis for Ceron's pleas to Counts 1, 4, and 5. Ceron confirmed the facts presented in the proffer were accurate.

After Ceron confirmed his understanding of each of the matters outlined above and he stated he had no questions about any of those matters, the court asked Ceron if it was still his intention to enter guilty pleas to the three counts. He confirmed that remained his intention. Ceron then entered guilty pleas to Counts 1, 4, and 5 of the Superseding Indictment.

In this court's opinion, Ceron is competent to enter guilty pleas, he entered the pleas knowingly and voluntarily, and there is a sufficient factual basis to support the pleas. This court therefore **RECOMMENDS** that the presiding district judge accept Ceron's guilty pleas to Counts 1, 4, and 5 of the Superseding Indictment.

The court advised Ceron that, if the presiding district judge accepted his guilty pleas, sentencing would be set following receipt of a presentence report and addendum containing any unresolved objections and the probation officer's response to them. The court directed that the probation office initiate preparation of a presentence report, and explained to Ceron the importance of his full cooperation with preparation of that report.

Dated this 12th day of July, 2019.

/s/ *Alice R. Senechal*
Alice R. Senechal
United States Magistrate Judge

## Opportunity for Objections

Pursuant to Criminal Local Rule 59.1, a party may object to a magistrate judge's

Report and Recommendation within the time prescribed by the magistrate judge.

Pursuant to that Rule, the court orders that any objections be filed by **July 19, 2019**.

Any objections must conform to the requirements of that Rule.